Charles R. FERNANDEZ, Petitioner,

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 00–3190.

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 14, 2000.

Rehearing Denied Jan. 31, 2001.

Charles R. Fernandez, Department of the Army, of APO AE, Germany, pro se.

Lisa B. Donis, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With her on the brief were David W. Ogden, Assistant Attorney General; David M. Cohen, Director; and Robert E. Kirschman, Jr., Assistant Director.

Before CLEVENGER, BRYSON, and LINN, Circuit Judges.

LINN, Circuit Judge.

Charles R. Fernandez appeals from the final decision of the Merit Systems Protection Board ("MSPB" or "Board"), dismissing his appeal for failure to state a claim upon which relief can be granted. *See Fernandez v. Dep't of the Army*, 84 M.S.P.R. 550 (1999). Because Fernandez's claim was not covered under the law in effect at the time his claim accrued, we agree with the decision of the Board.

## BACKGROUND

Fernandez was a Sergeant First Class in the Army, stationed in Germany until he retired on June 30, 1979. From 1979 through 1991, Fernandez held a number of civilian positions with the Army in Germany for which he did not receive a living quarters allowance.

In 1991, Fernandez filed a request for a living quarters allowance for the period of his civilian employment. His request was denied by the Army, and then by the General Accounting Office Claims Group, and finally by the Comptroller General. Thereafter, Fernandez filed a complaint in the Court of Federal Claims ("CFC") challenging the Comptroller General's denial of his claim, and alleging a violation of the Whistleblower Protection Act. The CFC dismissed Fernandez's claim as barred by the court's six-year statute of limitations. This court affirmed that decision. *See Fernandez v. United States*, 168 F.3d 1322, 1998 WL 637030 (Fed.Cir.1998) (table).

On March 16, 1999, Fernandez again contested the Army's denial of his living quarters allowance request, this time filing an appeal with the MSPB. The MSPB administrative judge ("AJ") dismissed Fernandez's appeal for lack of jurisdiction. Fernandez then filed a petition with the full Board for review of the AJ's initial decision. The Board reopened Fernandez's appeal to address his argument that the Board possessed jurisdiction over his appeal pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), Pub.L. No. 103–353, 1994 U.S.C.C.A.N. (108 Stat.) 3149. The Board considered the jurisdiction arguments raised in Fernandez's petition and dismissed the petition for failure to state a claim upon which relief can be granted. The Board relied primarily on its decision in *Williams v. Dep't of the Army*, 83 M.S.P.R. 109 (1999) (holding that the Board's authority is limited to enforcing an employee's rights as they existed at the time the claim accrued).

In its decision below, the Board held that it had jurisdiction over Fernandez's claim under the USERRA, *see* 5 C.F.R. § 1201.3(a)(22) (2000)[1]; 38 U.S.C. § 4324 (1994), but that its "authority is limited to enforcing these rights [under the laws] as they existed at the time the claim ac-

---

1. Paragraph (a)(22) of Section 1201.3 of the rules was deleted in its entirety and incorporated into new part 1208 of the Board's regulations, which describes the Board's practices and procedures with respect to appeals filed under the USERRA of 1994, as amended, and the Veterans Employment Opportunities Act of 1998. *See* 65 FR 5409 (2000).

crued." *Fernandez,* 84 M.S.P.R. at 553 (citing *Williams,* 83 M.S.P.R. at 113). The Board then held that the law in effect from 1979 through 1991, the time during which Fernandez was denied a living quarters allowance, was the predecessor to the USERRA, the Vietnam Era Veterans' Readjustment Assistance Act of 1974 ("VRRA"), Pub.L. No. 93–508, 88 Stat. 1578, 1974 U.S.C.C.A.N. 1818, 1837, and held that "[a]lthough USERRA prohibits the denial of employment benefits based on an employee's prior service in the uniformed services, the VRRA itself provided no such protection." *Id.* (citing *Williams,* 83 M.S.P.R. at 113–14). The Board concluded that since Fernandez had not alleged that "the agency's denial of his requests for [living quarters allowances] during the period from 1979 through 1991 violated any of the rights to which he was entitled pursuant to chapter 43 of title 38 as they existed during the time in question," he had failed to state a claim upon which relief can be granted. *Id.* at 553–554.

Fernandez appeals to this court. We have jurisdiction over Fernandez's appeal from the Board's final decision pursuant to 28 U.S.C. § 1295(a)(9) (1994).

## DISCUSSION

### A. Standard of Review

■ Pursuant to 5 U.S.C. § 7703(c) (1994), this court must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. *See Chase–Baker v. Dep't of Justice,* 198 F.3d 843, 845 (Fed.Cir.1999). The burden of establishing reversible error in an administrative decision, such as the Board's, rests upon the petitioner. *See Harris v. Dep't of Veterans Affairs,* 142 F.3d 1463, 1467 (Fed.Cir.1998).

### B. Analysis

### I.

■ The Board's jurisdiction is not plenary and is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *See Maddox v. Merit Sys. Prot. Bd.,* 759 F.2d 9, 10 (Fed.Cir. 1985). Fernandez cites 5 C.F.R. § 1201.3(a)(22) (2000) as a source of Board jurisdiction. That subsection gave the Board jurisdiction over non-compliance by a Federal executive agency employer of the Office of Personnel Management with the provisions of chapter 43 of title 38 of the United States Code. Chapter 43 includes provisions of the USERRA that prohibit an employer from denying any benefit of employment to a person on the basis of that person's membership in the uniformed services. The Board held that since the USERRA broadly defines the term "benefit of employment" to include "any advantage, profit, privilege, gain, status, account, or interest (other than wages or salary for work performed)," it is likely that an award of living quarters allowance is a benefit of employment for USERRA purposes. *See* 38 U.S.C. § 4303(2) (1994). Based on the reasons expressed by the Board, we agree that the Board had jurisdiction to consider Fernandez's claim under the USERRA.

### II.

We next turn to the issue of whether Fernandez has stated a claim before the Board upon which relief can be granted when the acts that he alleges are prohibited by the USERRA, namely the denial of his requests for living quarters allowances during 1979 through 1991, took place prior to the effective date of that Act.

The USERRA was enacted by Congress in 1994 to expand the scope and coverage of the VRRA in a number of important ways. One of those ways was to extend the reach of the act to cover not only reservists but all members of the uniformed services. Specifically, section 2021

of the VRRA provided, *inter alia*, that: "[a]ny person [employed by the federal government] shall not be denied hiring, retention in employment, or any promotional or other incident or advantage of employment because of any obligation as a member of a *Reserve* component of the Armed Forces." 38 U.S.C § 2021(b)(3) (1988) (emphasis added). That section was replaced by section 4311(a) of the USERRA, which provides that:

A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a *uniformed service* shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a) (emphasis added).

In 1998, Congress again amended the USERRA by enacting the Veterans Program Enhancement Act of 1998 ("VPEA"). Under Section 4324(c) of the VPEA: "The Merit Systems Protection Board shall adjudicate any complaint brought before the Board pursuant to subsection (a)(2)(A) or (b), without regard as to whether the complaint accrued before, on, or after October 13, 1994." 38 U.S.C. § 4324(c), as amended by VPEA, Pub.L. No. 105–368 § 213, 1998 U.S.C.C.A.N. (112 Stat.) 3315, 3331 (effective November 11, 1998).

As the MSPB properly noted in *Williams*, the VPEA can be given two different interpretations: "(1) to provide the Board authority to adjudicate those kinds of complaints that accrued before October 13, 1994, i.e., complaints under the USERRA predecessor statute (VRRA); or (2) to make retroactive the substantive law of USERRA." *Williams*, 83 M.S.P.R. at 114.

The Board in *Williams* determined that "the 1998 amendment gives the Board the authority to hear and adjudicate claims arising under the predecessor statute (VRRA), but does not authorize the Board to adjudicate claims of discrimination that were not prohibited prior to the passage of USERRA." *Id.* In other words, the Board concluded that the temporal reach of the USERRA was limited and not retroactive. The Board came to this conclusion by first examining the plain language of the statute, then undertaking an analysis of the legislative history to determine Congressional intent, and concluding by commenting briefly on jurisprudential factors. *See id.* at 114–15.

Looking first at the plain language of the statute, the Board in *Williams* (citing 38 U.S.C. § 4324(a)(2)(A) and (b)) observed that while the amendment to the USERRA clearly extended the Board's authority to the adjudication of cases based on events which happened before October 13, 1994, and set forth clear procedures by which a complaint is brought to the Board; it did not refer specifically to any substantive right under which the claim may be adjudicated. *See id.* at 114. The Board thus found ambiguity in the statute and looked to the legislative history for guidance. What the Board did not recognize was that the USERRA directly addressed this issue and clearly specified at the time of its passage that the provisions of section 4311(a) "shall become effective on the date of enactment of this Act [October 13, 1994]." *See* USERRA § 8(b), 1994 U.S.C.C.A.N. (108 Stat.) at 3175–76.

The Board in *Williams* went on to examine the legislative history and found support for its conclusion of prospectivity in the temporal extent of the amendment. The Board referred specifically to comments on the floor of the House of Representatives by Rep. Lane Evans, who explained that:

The provisions of this bill will allow for representation by the Office of Special Counsel of persons before the Merit Systems Protection Board for pre-USERRA causes of action which are alleged to be violations of the VRRA stat-

ute. Jurisdiction of the Merit Systems Protection Board is extended to all claims filed with the Board after October 13, 1994 regardless of whether the action complained of occurred before, on, or after that date.

*Williams,* 83 M.S.P.R. at 115 (citing 144 Cong. Rec. H1398 (daily ed. Mar. 24, 1998)).

The Board in *Williams* concluded by expressing jurisprudential concerns, which it considered to militate against the retroactive application of substantive rights under the USERRA. Specifically, the Board noted the presumption against retroactive application of legislation depending on whether it is substantive or merely procedural in nature and whether, if it is substantive and implicates events taking place before enactment of the statute, Congress has expressly prescribed that the statute be applied retroactively. *See Landgraf v. USI Film Prods.,* 511 U.S. 244, 265–75, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). The Board observed that if the statute does not contain such an express command, the court must then determine whether retroactive application of the statute would "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* Moreover, the Board observed that while section 2021(b)(3) barred employment discrimination based upon an individual's obligations as a military reservist, section 4311(a) now also bars discrimination based upon prior uniformed service, membership in such service, or application for such service. The Board then concluded that because section 4311(a) thereby extends substantive rights to all members of the uniformed services, not only to those in the reserves, retroactive application of section 4311(a) would have the impermissible effect of increasing the agency's liability for past conduct and imposing new duties on the agency with respect to transactions already completed.

*Id.* (citing *Landgraf,* 511 U.S. at 280, 114 S.Ct. 1483).

■ To the extent discussed above, we agree with the reasoning of the Board in *Williams* and its interpretation of the VPEA. We hold that the VPEA gave the MSPB the authority to hear and adjudicate claims arising under both the USERRA and its predecessor statute, the VRRA, without regard to whether the complaint accrued before, on, or after October 13, 1994, but did not make retroactive the substantive provisions of the USERRA.

### III.

■ Turning to the merits of the case before us, the question thus becomes whether Fernandez has stated a claim for which relief can be granted under the VRRA, which was the only relevant law in effect at the time his claim accrued. In this regard, the Board stated, "[a]lthough USERRA prohibits the denial of employment benefits based on an employee's prior service in the uniformed services, the VRRA itself provided no such protection." *Fernandez,* 84 M.S.P.R. at 553. Although the Board's statement is not a model of clarity, it recognizes that section 2021(b)(3) of the VRRA only applied to reservists and that all members of the uniformed services were not given coverage under the act until passage of section 4311(a) of the USERRA in 1994. Because Fernandez has not alleged that he was a member of a Reserve component of the Armed Forces prior to the years 1979 through 1991, the time period during which he was denied a living quarters allowance, he was not covered by the VRRA and could not have stated a claim under section 2021(b)(3) of the VRRA.

### CONCLUSION

For the foregoing reasons, the Board did not err in its decision to dismiss Fer-

nandez's appeal for failure to state a claim upon which relief can be granted.

AFFIRMED