Robert C. DUKES, Petitioner,

v.

UNITED STATES POSTAL SERVICE,
Respondent.

No. 01–3002.

United States Court of Appeals,
Federal Circuit.

Feb. 8, 2001.

Before MAYER, Chief Judge, MICHEL and GAJARSA, Circuit Judges.

MICHEL, Circuit Judge.

Robert C. Dukes petitions for review of the decision of the Merit Systems Protection Board ("the Board"), dismissing his appeal of his removal for failure to state a claim for which relief may be granted. The Board held that it did not have authority under the Uniformed Services Employment and Reemployment Rights Act of 1994, Pub.L. No. 103–353, *reprinted in* 1994 U.S.C.C.A.N. (108 Stat. 3149) (codified at 38 U.S.C. § 4301, et. seq.) (1994) ("USERRA"), to redress Dukes' claim that in 1974 he suffered discrimination based on his status as a military veteran. Because substantial evidence supports the Board's finding that all relevant conduct occurred before it was prohibited by statute and the statute does not have such retroactive effect, we *affirm.*

## Background

Dukes served for two years in the United States Navy during the Vietnam War before being honorably discharged in 1971. On April 21, 1973, Dukes was hired as a full-time distribution clerk at the U.S. Postal Service at the Federal Annex, Atlanta, Georgia. Eleven months later on March 29, 1974, the Postal Service terminated Dukes for failing to report to work.

Twenty-five years later, on August 5, 1999, Dukes filed an appeal to the Board, alleging that his removal from service was due to his status as a military veteran. On September 17, 1999, the Board dismissed Dukes' appeal for failure to state a claim for which relief may be granted. The Board held that it did not have jurisdiction under 5 U.S.C. § 7511(a)(1)(B) (1994), because Dukes failed to show that he completed one year of current, continuous service in a preference-eligible position. The Board held that it also lacked authority to redress Dukes' claim under the USERRA, because Dukes' claim concerned allegedly discriminatory conduct occurring before USERRA's effective date.

Dukes filed a petition to review the initial decision to the Board. On August 4, 2000, the Board issued a Final Order denying the petition for review. 5 C.F.R. § 1201.115(d) (1997). The initial decision thereby became the final decision of the Board. Dukes appealed to this court on October 23, 2000.

## Analysis

Dukes argues that the Board improperly determined that it had no authority to redress his discrimination claim based upon his prior military service. We affirm the Board decision unless it is arbitrary or capricious, not in accordance with law, or not supported by substantial evidence. *See Rosete v. Office of Personnel Management,* 48 F.3d 514, 516 (Fed.Cir. 1995).

In order to appeal to the Board under 5 U.S.C. § 7511(a)(1)(B), Dukes had to show he was a preference-eligible employee in the excepted service, who, at the time of the action being appealed, had completed one year of current, continuous service in the same or similar position. *See* 39 U.S.C. § 1005(a) (1994) and 5 U.S.C. § 2108 (1994). The Board found that while Dukes was a preference-eligible employee at the time of his removal, his personnel file indicated that he had not served the requisite one year of service with the Postal Service. Thus, the Board did not have jurisdiction over Dukes' ap-

peal under its regular appellate jurisdictional authority.

■ The Board also properly determined that it lacked authority to redress Dukes' claim under the USERRA. The Board has jurisdiction under the USERRA to hear complaints of discrimination in federal employment based on prior military service. 38 U.S.C. §§ 4311(a); 4303(4)(A)(ii); 4324(b) (1994); *Yates v. Merit Sys. Protection Bd.*, 145 F.3d 1480, 1483–84 (Fed.Cir.1998) (holding that Board had jurisdiction under the USERRA). A 1998 amendment to the USERRA, moreover, gives the Board authority to redress a complaint brought under the USERRA "without regard as to whether the complaint accrued before, on, or after October 13, 1994," the date the USERRA became effective. 38 U.S.C. § 4324(c)(1), as amended by the Veterans Programs Enhancement Act, Pub.L. No. 105–368, § 213, *reprinted in* 1998 U.S.C.C.A.N., 112 Stat. 3313, 3331. The 1998 amendment, however, does not authorize the Board to redress claims of discrimination based on personnel actions that were not prohibited prior to the passage of the USERRA. *See Fernandez v. Dep't of the Army*, 234 F.3d 553, 557 (Fed.Cir.2000) (holding that the substantive provisions of the USERRA are not retroactive). In 1974, there was no provision on which Dukes' claim of discrimination based on prior military service could be based. The predecessor statute, 38 U.S.C. § 2021(b)(3)(1988), only applied to reservists. It was not until the passage of the USERRA in 1994 that the statute was expanded to cover all members of the uniformed services. That all relevant conduct here occurred in 1974 is not merely supported by substantial evidence (the personnel file), but is uncontested. Thus, the Board did not err in finding that Dukes' claim for discrimination based on prior military service could not be redressed under the USERRA.

Conclusion

Because the Board's decision was legally correct, we affirm.