**Rick JOHNSON and Fors Capital Corp., Plaintiff–Appellants,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 01–5009.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 8, 2001.

Before RADER, BRYSON, and DYK, Circuit Judges.

JUDGMENT

PER CURIAM.

This CAUSE having been heard and considered it is ORDERED and ADJUDGED:

AFFIRMED. *See* Fed. Cir. R. 36.

**Ricky ASHFORD, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 01–3127.

United States Court of Appeals, Federal Circuit.

DECIDED: July 10, 2001.

Before MICHEL, LOURIE, and LINN, Circuit Judges.

PER CURIAM.

Ricky Ashford seeks review of the final decision of the Merit Systems Protection Board ("MSPB" or "Board") affirming the United States Postal Service's (the "agency") removal decision. *Ashford v. United States Postal Serv.*, No. SF–0752–99–0618–I–2 (Merit Sys. Prot. Bd. Mar. 1, 2000). We *affirm* the Board's decision.

## BACKGROUND

On August 1, 1999, Ashford was removed from his position as Bulk Mail Dock Clerk for violating the December 16, 1998 last chance settlement agreement. The agreement provided that Ashford be in regular attendance and to "enroll and actively participate in a structured alcohol dependence rehabilitation program as recommended by the Employee Assistance Program Office (EAP)." The agreement also provided that "the Director of the Employee Assistance Program will design a program for [the Appellant] and monitor its compliance" and that failure to comply with that program, or failure to successfully complete the program to the satisfaction of the Employee & Workplace Intervention Analyst would result in Ashford's immediate removal. On February 3, 1999, Ashford signed a "counseling contract" designed by EAP that set out a program for him to follow. Two of the steps in that program were for Ashford to enroll in a chemical dependency program acceptable to the EAP counselor and to attend monthly EAP sessions so that his rehabilitation could be monitored.

Ashford did not enroll in a chemical dependency program. In addition, Ashford failed to attend scheduled meetings with EAP on January 26, 1999, April 29, 1999 and June 15, 1999.

On June 22, 1999, the agency proposed Ashford's removal based on three charges. The first charge was a failure to comply

with the last chance agreement due to irregular attendance. The second charge was a failure to comply with the last chance agreement due to failure to attend the prescribed alcohol dependence rehabilitation program. The third charge was unauthorized absence from assigned work area. Ashford responded to the agency's proposal, asserting that he was not out of compliance with the last chance agreement. In particular, he contended that the agency promised to and had a responsibility to provide him with an alcohol recovery program, but it failed to abide by its promise or live up to its responsibility. Moreover, he requested sixty days of administrative leave to attend an inpatient detoxification program. Despite Ashford's contentions, the agency sustained the charges and removed Ashford effective August 1, 1999. Ashford appealed the removal to the MSPB.

In his initial decision, the administrative judge ("AJ") declined to sustain the charges regarding irregular attendance and unscheduled leave because he found that the agency failed to show that it did not interfere with Ashford's rights under the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601–2654. However, the AJ did sustain the second charge, i.e., failure to comply with the last chance agreement due to failure to attend the prescribed alcohol dependence rehabilitation program. As to that charge, the AJ interpreted the last chance agreement as requiring Ashford to enroll in a chemical dependency program and that the EAP was responsible for providing Ashford with names of rehabilitation programs but that it was not required to administer such a chemical dependency program to Ashford nor enroll him in an outside program. Furthermore, the AJ found that the last chance agreement required the EAP to assess and monitor Ashford's rehabilitation through a "program" and it was this program, set out

in the "employment contract," that Ashford failed to attend. Ashford petitioned the full Board for review of the initial decision. The Board denied that petition by final order dated September 29, 2000.

We have exclusive jurisdiction over Ashford's appeal of the Board's final decision. 28 U.S.C. § 1295(a)(9) (1994); 5 U.S.C. § 7703(b)(1) (Supp. V 1999).

## DISCUSSION

■ Pursuant to 5 U.S.C. § 7703(c) (1994), this court must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. *Fernandez v. Dep't of the Army*, 234 F.3d 553, 555 (Fed.Cir.2000). In our function as a reviewing court, we do not perform a de novo review of the facts. *Bevans v. Office of Pers. Mgmt.*, 900 F.2d 1558, 1565 (Fed. Cir.1990). However, the interpretation of a settlement agreement is a question of law that we do review de novo. *King v. Dep't of the Navy*, 130 F.3d 1031, 1033 (Fed.Cir.1997). The burden of establishing reversible error in decision reviewing an administrative agency's decision, such as the Board's, rests upon the petitioner. *Fernandez*, 234 F.3d at 555.

Ashford contends that the AJ erred in construing the last chance agreement to require him to "develop an outside program." Ashford also contends that it was error for the Board to establish a violation based on the employee contract because that contract was not part of the last chance agreement. In addition, Ashford contends that there is not substantial evidence to support the Board's determination that the EAP counselors had provided him with direction. Ashford argues, in the

alternative, that if the second charge was properly sustained, the removal action should be mitigated because there is no evidence to suggest that his conduct was "so egregious that [it] would merit removal."

The AJ performed a careful analysis of the last-chance agreement and the other evidence. In our independent review of the text of the agreement, we can find no error in his interpretation.

The last chance agreement includes a provision for the Director of the EAP to provide a program for Ashford and monitor Ashford's compliance with that program. Thus, the employee contract provided to Ashford by the EAP, and that Ashford signed, is properly considered part of the last chance agreement. Moreover, as the AJ noted, the agreement does not require the EAP to provide an outside alcohol recovery program for Ashford. Instead, the agreement only requires that the EAP provide some recommendations of programs for Ashford to look into. Furthermore, in that regard, we find Ashford's contention that there is no evidence that such recommendations were made to be unsupported. There is sworn testimony of record that EAP discussed alternatives at length with Mr. Ashford. Thus, we conclude that there is substantial evidence to support the AJ's factual determination that recommendations were made.

The record also reveals that Ashford was a no show for scheduled EAP counselor meetings. Thus, we conclude that there is substantial evidence to support the AJ's factual determination that Ashford failed to comply with the program designed by the EAP.

Finally, we discern no abuse of discretion in the AJ's decision regarding the appropriateness of removal when the only charge sustained was Ashford's failure to comply with the last chance agreement because he failed to attend the prescribed alcohol dependence rehabilitation program. The AJ noted that this charge was by far the most serious because it strikes at the very heart of his recovery from alcoholism. Moreover, the AJ noted that the agency considered that Ashford's problem with alcohol, which is not new and which has been getting worse, has contributed to his declining work performance in that he fails to follow instructions and frequently does not work safely around machinery and vehicles. Moreover, the AJ noted that Ashford had promised in the last chance agreement, among other things, to correct his alcohol problems or be removed from service. Consequently, the AJ determined that removal does not exceed the maximum reasonable penalty.

In view of the foregoing, we find that Ashford has failed to meet his burden of establishing reversible error of the AJ's decision. Thus, we affirm the Board's dismissal of Ashford's petition for review.