Gilbert L. BRADSTREET, Petitioner,

v.

**DEPARTMENT OF THE
NAVY, Respondent.**

No. 01–3108.

United States Court of Appeals,
Federal Circuit.

Aug. 10, 2001.

Before SCHALL, BRYSON, and DYK, Circuit Judges.

## DECISION

PER CURIAM.

Gilbert L. Bradstreet petitions for review of the final decision of the Merit Systems Protection Board ("Board") that denied his petition for enforcement of the Board's order to restore him to his position as a police officer and affirmed his removal from that position by the Department of the Navy. Before the Board, Mr. Bradstreet's two appeals were consolidated. We *affirm*.

## DISCUSSION

### I.

Mr. Bradstreet was employed as a police officer with the Department of the Navy, at the Naval Support Activity ("NSA") center in New Orleans, Louisiana. Effective December 7, 1996, he was removed from his position after he tested positive for cocaine in a random drug test. Mr. Bradstreet appealed his removal to the Board, and on December 10, 1997, the administrative judge mitigated his removal to a 90-day suspension and ordered the Navy to provide interim relief. *Bradstreet v. Dep't of the Navy*, DA-0752-97-0147-I-1 (M.S.P.B. Dec. 10, 1997).

Subsequently, the Navy filed a petition for review, and submitted evidence to show that it had ordered interim relief. The Navy contended that it had twice attempted to place Mr. Bradstreet in comparable positions, but that both times Mr. Bradstreet had refused to report for duty to his new assignments. Mr. Bradstreet responded to the Navy's petition for review with a motion to dismiss, arguing that the Navy had failed to comply with the pay and benefits portion of the interim relief order. On August 16, 1999, the Board dismissed the Navy's petition for review, concluding that Mr. Bradstreet's failure to report for duty did not excuse the Navy's non-compliance with the pay and benefits portion of the interim relief order. *Bradstreet v. Dep't of the Navy*, 83 M..S.P.R. 288 (M.S.P.B. 1999). The Board ordered the Navy to cancel Mr. Bradstreet's removal, to substitute a 90-day suspension in its place, and to award back pay and other benefits for the appropriate time period that Mr. Bradstreet did report for duty. *Id.*, 83 M.S.P.R. 288.

The Navy ordered Mr. Bradstreet to return to duty, but because he had been found using illegal drugs, Executive Order 12564 required the Navy to refer Mr. Bradstreet to rehabilitation before allowing him to return to work in a sensitive position. Executive Order 12564 provides that an agency may not allow any employ-

ee who is found to have used illegal drugs to remain on duty in a sensitive position prior to successful completion of rehabilitation through an Employee Assistance Program. It also requires an agency to initiate action to remove an employee who is found to use illegal drugs and who refuses to obtain counseling or rehabilitation through an Employee Assistance Program. In a personal meeting with agency and union representatives, as well as in a follow-up letter dated September 16, 1999, Mr. Bradstreet was advised that he would be restored to the position of a police officer with regular assigned duties upon successful completion of a medical examination, police officer training, and a rehabilitation program. A second letter, dated September 20, 1999, informed Mr. Bradstreet that if he refused to attend a rehabilitation program, a removal action would be initiated on October 1, 1999.

On October 1, 1999, when Mr. Bradstreet failed to enroll in a rehabilitation program, the Navy placed him on administrative leave and proposed his removal for failing to obtain counseling and for failing to enroll in a rehabilitation program. Mr. Bradstreet was removed from his position effective November 22, 1999. In response, Mr. Bradstreet filed a petition for enforcement with the Board, asserting that the Navy had failed to comply with the Board's order to restore him to his position as a police officer. At the same time, he appealed his second removal to the Board. He contended that the second removal was taken in retaliation for protected activity and was based on race discrimination.

Following a consolidated hearing concerning both of Mr. Bradstreet's petitions, the administrative judge denied the petition to enforce the earlier order, and affirmed Mr. Bradstreet's second removal. *Bradstreet v. Dep't of the Navy*, DA–0752–

00–0145–I–1, DA–0752–97–0147–C–1 (M.S.P.B. April 27, 2000) (*"Bradstreet"*). The administrative judge found, *inter alia*, that the agency had properly cancelled the removal, substituted a 90–day suspension, and paid Mr. Bradstreet the appropriate amount of backpay, interest, and benefits as required by the Board's previous order. The administrative judge concluded that the Navy's decision not to return Mr. Bradstreet to full police officer duties because of his failure to enroll in a rehabilitation program was justified. The Board's initial decision became final on November 27, 2000, when the full Board denied Mr. Bradstreet's petition for review for failure to meet the criteria for review set forth in 5 C.F.R. § 1201.115(d) (1999). *Bradstreet v. Dep't of the Navy*, DA–0752–00–0145–I–1, DA–0752–97–0147–C–1 (M.S.P.B. Nov. 27, 2000). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); *Fernandez v. Dep't of the Army*, 234 F.3d 553, 555 (Fed.Cir.2000).

Mr. Bradstreet challenges the fairness of the hearing conducted by the Board. He does not, however, provide any specific support for his contention that the hearing was unfair. Contrary to Mr. Bradstreet's claim, there is no evidence that the hearing was conducted unfairly, or that Mr. Bradstreet was not accorded full due process. The administrative judge properly placed the burden on the Navy to prove that it

complied with the Board's reinstatement order. *Bradstreet,* slip op. at 6. The administrative judge noted that the Navy provided "substantial documentation, detailing the actions the agency took to comply with the Board's order." *Id.* at 7. In addition, the administrative judge heard testimony from Edwin Lombard, NSA Security Officer, that he was instructed to ensure that Mr. Bradstreet could be restored to full duty and authority as a police officer. Mr. Lombard testified that he scheduled a medical examination for Mr. Bradstreet as well as training for recertification in order for him to comply with pertinent Department of Defense regulations.

Mr. Bradstreet contends that the Board did not consider the fact that he did not understand his rights upon reinstatement. However, Mr. Lombard testified that he held a meeting with Mr. Bradstreet and that he followed up the meeting with a letter. In the letter, Mr. Lombard outlined the steps necessary for Mr. Bradstreet's reinstatement as a police officer. The administrative judge also heard the testimony of Aaron German, Deputy Security Officer, who explained that the Navy initiated training, provided a medical examination, and processed requests for Mr. Bradstreet's uniform and equipment in order to comply with the Board's order to restore him to full duty.

As far as the second removal action is concerned, the administrative judge thoroughly examined each of Mr. Bradstreet's contentions and found that the Navy had proved its charge by preponderant evidence. Mr. Bradstreet argues that the Board failed to take into account several factual issues, including claims of retaliation, rights upon reinstatement, and health problems. However, the administrative judge considered the testimony of Wayne Stuart, NSA Commanding Officer. Cap-

tain Stuart testified that Mr. Bradstreet told him that he did not believe rehabilitation was necessary, given that three years had passed since the positive drug test. Captain Stuart further testified that he reviewed the Executive Order with Mr. Bradstreet and advised him that if he did not go to rehabilitation he would be removed from his position effective October 1, 1999. Mr. Bradstreet confirmed that he did not go to rehabilitation, explaining that he was not sure what to do. The administrative judge sustained the second removal action because she determined that it was not unreasonable for the Navy to require rehabilitation and Mr. Bradstreet's undisputed failure to do so provided a legitimate justification for the disciplinary action.

Finally, the administrative judge considered Mr. Bradstreet's contention that his removal was taken in retaliation for the protected activities of filing an Equal Employment Opportunity complaint and an appeal with the Board. The administrative judge considered the testimony of all involved, including Captain Stuart, Mr. Lombard, Mr. German, as well as Mr. Bradstreet, and determined that Mr. Bradstreet simply "interpreted the agency's refusal to revisit the prior action and the requirements imposed upon his return to work to constitute 'harassment.'" *Bradstreet,* slip op. at 17. We see no error in this conclusion.

For the foregoing reasons, the decision of the Board is affirmed.