NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3029

CECIL E. WEAR,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  April 14, 2005

_____

Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.

PER CURIAM.

Mr. Cecil E. Wear appeals the final decision of the Merit Systems Protection Board[1] dismissing his refiled appeal as untimely.  We affirm.

BACKGROUND

_____

[1]  Wear v. Social Security Administration, CH0752010349-I-2 (M.S.P.B. Aug. 12, 2004).

05-3029                                        1

Mr. Wear was a Development Clerk with the Social Security Administration in Evanston, Illinois until the agency terminated his employment on March 27, 2001, on charges of being absent without leave and for not providing medical and other documentation for leave. Mr. Wear has stipulated that he did not follow proper leave and documentation procedures with respect to absences on August 2-4, 1999; August 11-12, 1999; August 24, 1999; September 1, 1999; September 22-27, 1999; November 1-5, 1999; and December 17, 1999.

Mr. Wear appealed the agency's decision to the Merit Systems Protection Board. The administrative judge (AJ) dismissed the appeal without prejudice on May 8, 2001 pending the outcome of a grievance arbitration proceeding regarding Mr. Wear's prior leave restriction and suspension, with instructions that Mr. Wear should refile the appeal with the Board within 15 days of the arbitration decision or by close of business November 8, 2001. Although the AJ initially specified that the appeal had to be refiled by whichever of these two dates was later, the AJ issued a correction that the appeal had to be refiled by whichever of these two dates was earlier. Erratum Notice of July 18, 2001.

On January 11, 2002, the arbitrator denied the grievance. The Fair Labor Relations Authority denied the union's exceptions to the arbitrator's decision on April 18, 2002. Mr. Wear submitted an appeal to the EEOC-OFO, which dismissed the appeal on March 13, 2003 and denied a request for reconsideration on May 7, 2003, instructing Mr. Wear that he could file an appeal to the United States District Court within 90 days.

Mr. Wear did not refile his appeal with the Merit Systems Protection Board until September 26, 2003. The Board dismissed the appeal as untimely, because it was not filed

within 15 days following issuance of the arbitration decision or by November 8, 2001, and Mr. Wear did not show good cause for the delay.

## DISCUSSION

Final decisions of the Merit Systems Protection Board are reviewed to determine whether they were (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. §7703(c); Fernandez v. Dep't of the Army, 234 F.3d 553 (Fed. Cir. 2000).

Mr. Wear's appeal was refiled on September 26, 2003, which was after the deadline the AJ set for refiling, i.e. November 8, 2001, and was more than 15 days after the arbitration decision on January 11, 2002. Thus the refiling of the appeal by Mr. Wear was untimely under the instructions the AJ gave on May 8, 2001. The AJ was justified in setting a time limit for refiling, in the interest of efficiency and repose. The time limit set was not unreasonable, and was communicated to Mr. Wear.

Mr. Wear argues that the authorization to refile with the MSPB within 15 days of the decision of the arbitrator implicitly included the right to exhaust appeals to other agencies and courts before refiling with the MSPB. However, this was contrary to the MSPB's clear instruction that "[the appeal] may be refiled within 15 days following issuance of the arbitration decision regarding Appellant's 5-day suspension or before close of business on November 8, 2001 . . . ."

Further, even on Mr. Wear's position, the EEOC-OFO decision became final on May 7, 2003, and Mr. Wear's 90 days to appeal to the district court ended on August 7, 2003, while his appeal was not refiled with the MSPB until September 26, 2003, more than 15

days after this final appeal right was exhausted.  Thus even according to Mr. Wear's most expansive method of calculating his time to refile with the MSPB, he was still untimely.

Mr. Wear acknowledges this untimeliness and states that he had good cause for delay.  Mr. Wear claims that he submitted evidence showing good cause for delay to the MSPB on October 15, 2003.  At this time, Mr. Wear submitted a statement from William O'Connor, Mr. Wear's representative from the American Federation of Government Employees, which stated that Mr. Wear should be excused because he was "pursuing other litigious avenues with the Federal Labor Relations Authority and the Equal Employment Opportunity Commission regarding his 5-day suspension."  On October 23, 2003, the AJ found that this explanation did not constitute good cause.  Moreover, as we have seen, Mr. Wear still waited four and a half months after his appeals with these agencies were exhausted before refiling his appeal.  Mr. Wear made no attempt to explain this delay.  The party seeking to excuse the untimeliness has the burden of establishing a good cause.  The factors the Board may consider include:

> the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit. [Citations and footnotes omitted.] "Excusable neglect" is neglect that a reasonably prudent person might manifest under the circumstances. "Unavoidable casualty or misfortune" is not preventable by "the exercise of reasonable skill and diligence or human prudence or foresight." "Prejudice to the agency" relates to the agency's inability to adequately and effectively defend its action because of appellant's untimely filing.

Walls v. MSPB, 29 F.3d 1578, 1582 (Fed. Cir. 1994).  Mr. Wear has not provided any explanation; a bare statement cannot suffice to establish good cause.  Mr. Wear did not

refile until one and a half years after the arbitration decision, four and one half months after the EEOC appeal was exhausted, and one and a half months after the ability to file in the district court was exhausted. He did not provide any explanation of excusable neglect or unavoidable casualty.

As discussed in Walls, the waiver of a filing deadline for good cause is within the discretion of the Board, and the decision is reviewed to determine whether it is arbitrary and capricious or otherwise not in accordance with law. Id. The Board did not abuse its discretion in ruling that the refiling was untimely.