NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3194

JANET E. JONES,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Janet E. Jones, of Fremont, California, pro se.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3194

JANET E. JONES,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in
DE4324080396-I-1.

_____

DECIDED:  October 13, 2009

_____

Before NEWMAN, PLAGER, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Janet E. Jones petitions for review of a decision of the Merit Systems Protection

Board (Board) dismissing her appeal under the Uniformed Services Employment and

Reemployment Rights Act of 1994 (USERRA) and the Veterans Employment

Opportunities Act of 1998 (VEOA).[1]  We <u>affirm</u>.

---

[1]  <u>Jones v. Dep't of the Air Force</u>, No. DE-4324-08-0396-I-1 (M.S.P.B. Oct.
8, 2008) (initial decision); <u>Jones v. Dep't of the Air Force</u>, No. DE-4324-08-0396-I-1
(M.S.P.B. Feb. 12, 2009) (final order denying petition for review).

Ms. Jones served in the United States Air Force Reserve. The events that form the basis for Ms. Jones's claim occurred in 1993. She applied for and was selected for a civilian position with the Air Force (agency). Several days before she was scheduled to enter on duty, representatives from the Office of Personnel Management (OPM) informed the agency that Ms. Jones had been improperly awarded a five-point veterans' preference. Without those points, her examination score was too low to qualify for the position. The agency rescinded the job offer, and Ms. Jones was left unemployed because she had already resigned from her previous position.

Ms. Jones pursued various avenues of relief, including a complaint filed with the Department of Labor. The Department concluded that OPM and the agency had erred in determining that she did not qualify for veterans' preference and was ineligible for the position, but the Department was unable to persuade OPM and the agency that their position was incorrect. Eventually, Ms. Jones's claim was referred to the Office of Special Counsel, which after reviewing her case informed her that it would not seek corrective action under USERRA.

Ms. Jones filed an appeal with the Board, which dismissed her appeal. We review a decision of the Board to determine, among other things, whether it is arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence. See 5 U.S.C. § 7703(c).

Because Ms. Jones's claim arose before the 1994 effective date of USERRA, the substantive provisions of USERRA do not apply to her claim. See Fernandez v. Dep't of the Army, 234 F.3d 553, 557 (Fed. Cir. 2000). The Board, however, has authority under USERRA to adjudicate her claim under a predecessor statute, the Vietnam Era

Veterans' Readjustment Assistance Act of 1974 (VRRA). <u>See</u> <u>id.</u> In 1993 the VRRA provided that "[a]ny person who seeks [employment with the federal government] shall not be denied hiring . . . or other incident or advantage of employment because of any obligation as a member of a Reserve component of the Armed Forces." 38 U.S.C. § 4301(b)(3) (1988 & Supp. V). Thus, in order to state a claim under the VRRA, Ms. Jones must allege that the agency retracted her job offer due to her membership in the Reserves. <u>See</u> <u>Monroe v. Standard Oil Co.</u>, 452 U.S. 549 (1981).

The essence of Ms. Jones's claim is that the agency's decision not to hire her was based on an erroneous determination regarding her veterans' preference rights. She also alleges that the agency intended to hire a previously displaced employee for the position. As the Board correctly found, neither of these allegations states a claim for discrimination based on her Reserve status. Therefore, the Board did not err in dismissing her claim under USERRA and the VRRA.

Ms. Jones's allegation that her veterans' preference rights were violated is the type of claim that is typically brought under the VEOA. Unfortunately, the VEOA does not apply retroactively to conduct that occurred before the VEOA's enactment on October 31, 1988. <u>Lapuh v. Merit Sys. Prot. Bd.</u>, 284 F.3d 1277, 1282 (Fed. Cir. 2002). Thus the Board correctly determined that it had no authority to adjudicate a VEOA claim in Ms. Jones's case. Though we are left with the distinct impression that Ms. Jones was not properly treated by the agency, as the Department of Labor determined, the available law does not permit us to do anything but affirm.

COSTS

Each party shall bear its own costs.