Craig **PANN**, Petitioner,

v.

**DEPARTMENT OF THE NAVY**, Respondent.

No. 00–3405.

United States Court of Appeals, Federal Circuit.

Sept. 17, 2001.

Charles E. Moore, Law Offices of Sean D. Simpson, of San Diego, CA, argued for petitioner.

Monica J. Palko, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent. With her on the brief were Stuart E. Schiffer, Acting Assistant Attorney General; David M. Cohen, Director; and Mark A. Melnick, Assistant Director.

Before NEWMAN, BRYSON, and DYK, Circuit Judges.

BRYSON, Circuit Judge.

Craig Pann is currently employed as a Rigger (Land), WG–10, step 5, with the Department of the Navy. He contested the Navy's decision to reassign him from the position of Rigger (Diver), WG–10, step 5, to his current position, and he now appeals from an order of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. Because Mr. Pann did not suffer any reduction in grade or basic pay, his reassignment from the position of Rigger (Diver) to the position of Rigger (Land) was not an adverse agency action within the meaning of 5 U.S.C. § 7512, and his appeal was therefore not within the jurisdiction of the Merit Systems Protection Board. We uphold the Board's dismissal of his appeal.

I

Mr. Pann served as a diver in the U.S. Navy from 1983 to 1989. After leaving military service, the Navy hired him as a civilian employee. He served in the position of Rigger (Diver), and achieved a grade of WG–10, step 5, prior to his reassignment. For shifts in which he performed diving duties as part of his Rigger (Diver) position, Mr. Pann received "dive pay" in place of his usual hourly rate of pay. By regulation, "dive pay" is 175 percent of the locality WG–10, step 2, rate of pay and is paid to an employee in the Rigger (Diver) position for all payable hours of the shift in which the employee dives. 5 C.F.R. § 532.281(b).

As a result of a dispute over Mr. Pann's taking an emergency leave of absence, the agency issued a notice of proposed termination and reassigned Mr. Pann from the position of Rigger (Diver) to the position of Rigger (Land). Although Mr. Pann received the same hourly rate of pay in the Rigger (Land) position that he had received in the Rigger (Diver) position, he did not qualify for dive pay in the Rigger (Land) position because diving was not among the duties of that job.

The agency did not sustain Mr. Pann's proposed termination, and Mr. Pann thereafter asked to be returned to his former Rigger (Diver) position. His request was denied, and Mr. Pann appealed to the Board, contending that his transfer to the position of Rigger (Land) constituted an impermissible demotion.

The administrative judge who was assigned to the case first dismissed Mr. Pann's appeal without a jurisdictional hearing on the ground that the Navy had taken no adverse action against Mr. Pann that was appealable to the Board. On Mr. Pann's petition for review, the full Board remanded the case to the administrative

judge for a jurisdictional hearing on the ground that Mr. Pann had made a non-frivolous allegation that his rate of basic pay was reduced as a result of the reassignment-an allegation which, if proved, would establish Board jurisdiction. After a jurisdictional hearing, the administrative judge again dismissed Mr. Pann's appeal. The administrative judge found that Mr. Pann had not proved by a preponderance of the evidence that his rate of basic pay was reduced as a result of the reassignment. The full Board denied Mr. Pann's petition for review of that decision, and this appeal followed.

## II

■ The question whether the Board has jurisdiction over this case calls for a straightforward application of the pertinent statutes and regulations. The Board has jurisdiction over certain specified agency actions. 5 U.S.C. § 7512. In order for a reassignment to fall within the Board's jurisdiction, it must result in a reduction in grade or a reduction in pay. 5 U.S.C. § 7512(3), (4). There is no dispute that Mr. Pann did not suffer a reduction in grade; accordingly, the Board has jurisdiction only if the transfer to the position of Rigger (Land) resulted in a reduction in pay.

■ The term "pay" as used in the subchapter of Title 5 of the United States Code that deals with adverse agency actions is defined as "the rate of basic pay fixed by law or administrative action for the position held by an employee." 5 U.S.C. § 7511(a)(4). "Basic pay" means the rate of pay fixed for the position held by the employee "before any deductions and exclusive of additional pay of any kind." 5 C.F.R. § 531.202. "Additional pay" includes items such as availability pay, overtime pay, or premium pay, which are not regarded as part of an employee's "basic pay" as that term is used in the

Board's jurisdictional statute. *See Triponi v. United States,* 224 Ct.Cl. 503, 633 F.2d 933 (1980) (premium pay for administratively uncontrollable overtime pay is not basic pay); *Luciano v. Dep't of the Treasury,* 74 M.S.P.R. 441 (1997) (availability pay is not basic pay). Accordingly, if the dive pay earned by employees in the position of Rigger (Diver) is additional pay, rather than basic pay, the Board lacks jurisdiction over Mr. Pann's appeal, even though the practical effect of Mr. Pann's reassignment may have been to reduce his total income because he no longer has the opportunity to earn "dive pay." *See Martinez v. Merit Sys. Protection Bd.,* 126 F.3d 1480, 1482 (Fed.Cir.1997) (reduction in total pay as a result of reassignment and consequent loss of availability pay does not does not constitute a "reduction in pay" and therefore does not fall within the Board's jurisdiction).

We agree with the Board that Mr. Pann's dive pay was "additional pay" within the meaning of 5 C.F.R. § 531.202. Mr. Pann received dive pay only on those days when he performed diving duties. 5 C.F.R. § 532.281(b) ("Employees who perform diving duties shall be paid 175 percent of the locality WG 10, step 2, rate for all payable hours of the shift."). Mr. Pann argues that 5 C.F.R. § 532.281(e), which states that "[a]n employee's diving/tending rate shall be used as the basic rate of pay for computing all premium payments for a shift," compels a contrary conclusion. However, 5 C.F.R. § 532.281(e) provides that dive pay is considered to be the diver's rate of basic pay only for purposes of calculating premium payments for dive shifts. The regulation thus indicates that except when used to calculate premium payments, such as overtime, dive pay is not normally considered part of the rate of basic pay for a Rigger (Diver), and that dive pay is therefore "additional pay." *See Luciano,* 74 M.S.P.R. at 452–53 (noting that a provision stating that availability

pay should be considered basic pay for certain purposes implied that it was not basic pay for other purposes, and was therefore "additional pay"). Taking Mr. Pann's argument to its logical extreme, if a Rigger (Diver) was not assigned diving duties on a particular day, or if he received fewer diving assignments in a particular time period than he had received in a previous time period, he could complain that he suffered a "reduction in pay" for that day or that time period. That is not what "reduction in pay" means, as the Board's decisions on this issue make clear. The Board therefore correctly construed dive pay as additional pay within the meaning of 5 C.F.R. § 531.202.

Mr. Pann cites *Kinnamon v. Department of Defense,* 53 M.S.P.R. 274 (1992), for the proposition that a "special salary," such as dive pay, may qualify as part of an employee's basic pay. The administrative judge in Mr. Pann's case acknowledged that the Board in *Kinnamon* had suggested that "some forms of 'special salary,' under certain circumstances, could be considered part of 'basic pay' for purposes of adverse action jurisdiction under 5 U.S.C. § 7512(4)." However, *Kinnamon* does not hold that all forms of "additional pay" are basic pay. The "special salary" at issue in *Kinnamon* was compensation for performing various administrative duties pursuant to a permanent appointment to a position with the Uniformed Services University of Health Services. Mr. Kinnamon argued that he had been demoted to the position of professor at a substantially lower rate of basic pay, after serving in a different position-a permanent administrative or dual administrative/professor position at a higher rate of basic pay. Based on the evidence proffered by Mr. Kinnamon, the Board held that Mr. Kinnamon was entitled to a hearing to establish that the "special salary" was a part of the full annual salary of the position from which he had been transferred and thus was part of

his basic pay. Unlike Mr. Kinnamon, Mr. Pann received the same rate of basic pay in his Rigger (Diver) position as in his Rigger (Land) position, because the dive pay was not a fixed portion of his compensation, but depended on whether and how often he performed certain tasks within his job description. He was thus reassigned to a position having the same grade and rate of pay within the meaning of the Board's jurisdictional statute, even though his opportunities for earning additional pay were reduced.

Mr. Pann also raises a number of procedural arguments. We have considered these arguments carefully, but find they are without merit. Because Mr. Pann did not suffer a reduction in his rate of basic pay as a result of his reassignment to the Rigger (Land) position, we affirm the Board's decision that it lacked jurisdiction to hear Mr. Pann's appeal.

*AFFIRMED.*