NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3340

ANGEL CORDERO,

Petitoner,

v.

DEPARTMENT OF AGRICULTURE

Respondent.

_____

DECIDED:    December 15, 2004

_____

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Petitoner, Angel Cordero ("Cordero") seeks review of the final decision of the Merit Systems Protection Board ("MSPB" or "Board") dismissing as moot his challenge to a reduction in pay resulting from reassignment.  Cordero v. Dep't of Agriculture, No. NY-0752-02-0101-I-1 (M.S.P.B. May 11, 2004).  The Board held that no further relief was available to Cordero because respondent, the Department of Agriculture ("DOA") had already rescinded Cordero's reassignment and provided retroactive pay.  We affirm.

BACKGROUND

In April 2000 Cordero was reassigned from the position of Plant Protection Technician ("PPT") to that of Plant Protection & Quarantine Officer ("PPQO").  As a

condition of his appointment, Cordero was required to complete and pass New Officer Training ("NOT") within a one-year period. In May, 2000, Cordero was severely injured when attacked by three pit bulls while on duty and was not able to return to work until September, 2000.

Cordero attended NOT in January, 2001. He completed part of the training but did not finish the course when it became clear, given the scores already received, that it would be impossible to pass. As a result of his failure to complete NOT, he was reassigned to his original PPT position on February 25, 2001. The reassignment did not result in a grade reduction, but did reduce Cordero's basic pay given the special salary rate for PPQO positions. In March, 2001 he initiated an Alternative Dispute Resolution claim with the agency, alleging that his reassignment to the PPT position was a result of the mental and physical disabilities incurred as a result of his work-related injuries. He filed a formal discrimination complaint when advised that the dispute resolution process would not resolve the issue. On November 4, 2001, he was reinstated as a PPQO and his basic pay was restored to the rate it had been prior to his February reassignment.

Cordero filed an appeal with the Board in January, 2002, challenging his reduction in pay as a result of reassignment and alleging that the agency had discriminated against him because of his disability by failing to provide him with reasonable accommodation during the NOT training.

Because of Cordero's reinstatement as a PPQO prior to the filing of the appeal, the Administrative Judge ("AJ") found that the only live issue at the time the appeal was filed was that of his reduction in pay during the period from February 25, 2001, through November 4, 2001. Cordero v. Dep't of Agriculture, No. NY-0752-02-0101-I-1 at 3,

(M.S.P.B. July 31, 2002). During the course of the appeal, DOA advised the Board that Cordero's reduction in pay during the period from February 25, 2001, through November 4, 2001, was due to an administrative error and submitted evidence to demonstrate that the agency had provided him with the pay he would have received but for the reassignment from the PPQO position to the PPT position. Finding that "the agency has provided him all of the relief . . . that he could get if the instant appeal were to be adjudicated in his favor," the AJ dismissed Cordero's reduction in pay appeal as moot. Id. at 3-4, 5.

The AJ also held that the Board lacked jurisdiction over Cordero's discrimination claim because such discrimination claims may only be heard by the Board when the alleged wrongful act forms a basis for an agency action over which the Board otherwise has jurisdiction. Id. at 5. The AJ found that the MSPB has no jurisdiction over training, and that the connection between the alleged discrimination received during NOT training and the reduction in back pay was too attenuated to justify the exercise of its jurisdiction in this case. Id.

Upon petition for review, the two Board members that reviewed the initial decision could not agree on the disposition of Cordero's case. Therefore, pursuant to 5 C.F.R. § 1200.3(b), the AJ's initial decision became the final decision of the Board on May 11, 2004. Cordero timely appealed to this court, which has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must sustain the Board's decision unless it is "found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

We find that substantial evidence on the record supports the finding that full relief has been granted. Although the AJ stated the issue as one of mootness, the ultimate question was whether the petitioner would meet his burden of establishing that he was entitled to further relief. Cordero's assertion that he was not properly reassigned to his PPQO position is contravened by the record. (IResp't App. at 39, 41.) Petitioner points to no evidence in support of his allegation that he was forced to "re-apply for the position under a vacancy announcement." (Pet'r Br. at 4.) Nor, even assuming that petitioner did need to apply for the PPQO position prior to his reassignment, does petitioner demonstrate how going through an application process was in any way harmful, given the undisputed fact that he did obtain the position on November 4, 2001.

Petitioner similarly fails to meet his burden of establishing error in the Board's decision that the agency provided him with the back pay to which he was entitled. See, e.g., Tiburzi v. Dep't of Justice, 269 F.3d 1346, 1351 (Fed. Cir. 2001); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 141-42 (Fed. Cir. 1986). Cordero's reliance on a single Board member's views as expressed in a separate opinion at the petition for review stage that it was difficult to conclude that "the appellant had been made whole monetarily from the existing record," Cordero v. Dep't of Agriculture, No. NY-0752-02-

0101-I-1, <u>Separate Op. of Acting Chairman Neil McPhie</u>, at 7-8 (M.S.P.B., May 11, 2004) is not sufficient to demonstrate error. Indeed, at no point does petitioner expressly state that he has not received the requisite back pay or attempt to show that he did not. Rather, Cordero notes that the earning statements provided "do not show any back pay" and if "back pay is hiding somewhere in one of these statements then it must be circled so I can see it." (Pet'r Reply Br. at 1-2.)

Petitioner points to no authority that states there is any obligation on the part of respondent to separately list back pay from other earnings received in pay statements. Although the available evidence is less than a model of clarity, Petitioner has failed to demonstrate error in the Board's decision.

Cordero's remaining claims on appeal are without merit. Our decisions make clear that Cordero's claims for lost overtime compensation or other types of premium pay due to his reassignment are beyond the Board's jurisdiction, and therefore not appealable reductions in pay. <u>Mattern v. Dep't of the Treasury</u>, 291 F.3d 1366, 1370 (Fed. Cir. 2002); <u>see also</u> <u>Pann v. Dep't of the Navy</u>, 265 F.3d 1346, 1348 (Fed. Cir. 2001). We have considered Cordero's other arguments and find them to be unpersuasive.

CONCLUSION

For the foregoing reasons, the decision of the Board is affirmed.

COSTS

No costs.