NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEVEN J. STONE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3139

---

Petition for review of the Merit Systems Protection Board in No. DA-3443-14-0560-I-1.

---

Decided: December 10, 2015

---

STEVEN J. STONE, Calgary, Alberta, Canada, pro se.

LINDSEY SCHRECKENGOST, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before DYK, O'MALLEY, and STOLL, *Circuit Judges.*

PER CURIAM.

Mr. Stone appeals the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. Because Mr. Stone has failed to satisfy his burden of proving that the Board had jurisdiction over his appeal, we *affirm*.

BACKGROUND

Mr. Stone served as an Immigration Inspector with the Immigration and Naturalization Service ("Agency") in Edmonton, Canada starting in 1984. In 1986, he began receiving foreign quarters allowance ("FQA") under 5 U.S.C. § 5922, which authorizes payment to United States citizens for the annual cost of suitable housing abroad. In 2000, the Agency notified Mr. Stone that he was subject to the Agency's overseas rotation policy and would eventually be rotated to the United States.

Mr. Stone filed a grievance with the Agency, which in 2000 determined that as a "local hire" in 1984, Mr. Stone would not be subject to the overseas rotation policy. As a result of Mr. Stone's classification as a local hire, the Agency terminated all entitlements, including FQA. Mr. Stone, however, mistakenly received FQA payments until October 2001, when the Agency notified him that his salary would be offset to collect the $30,323.72 overpayment.[1]

Mr. Stone appealed to the Board for reinstatement of his FQA and reimbursement of his garnished salary. Because the dispute did not constitute an appealable "reduction in pay," the Board ultimately dismissed Mr. Stone's appeal for lack of jurisdiction.

---

[1] A later decision held that Mr. Stone and other similarly situated employees could be subject to the rotation policy at a later date, but this does not affect his entitlement to the FQA at issue.

Mr. Stone appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Whether the Board has jurisdiction to hear an appeal is a question of law we review de novo. *Whiteman v. Dep't of Transp.*, 688 F.3d 1336, 1340 (Fed. Cir. 2012). Mr. Stone bears the burden of proving Board jurisdiction by a preponderance of evidence. *Fields v. Dep't of Justice*, 452 F.3d 1297, 1302 (Fed. Cir. 2006); 5 C.F.R. § 1201.56(b)(2)(i)(A).

The Board's jurisdiction is "strictly defined and confined by statute and regulation" to appeals of decisions involving "adverse actions." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). The Board has jurisdiction to review the adverse action of an employee's "reduction in pay." 5 U.S.C. § 7512(4). Pay is defined as "the rate of basic pay fixed by law or administrative action for the position held by [the] employee." *Pann v. Dep't of Navy*, 265 F.3d 1346, 1348 (Fed. Cir. 2001) (citing 5 U.S.C. § 7511(a)(4)). Basic pay, in turn, means "the rate of pay fixed for the position held by the employee before any deductions and *exclusive of additional pay of any kind*." *Id.* (emphasis added) (internal quotation marks and citation omitted); *see also* 5 C.F.R. § 531.203.

Because Mr. Stone's alleged loss of FQA pay is "additional pay" not subject to MSPB review, the Board correctly held that it lacked jurisdiction over Mr. Stone's appeal. *See* 5 C.F.R. § 531.203. Moreover, Mr. Stone's FQA was not "fixed by law or administrative action" as proscribed by 5 U.S.C. § 7511(a)(4)—it was discretionary. *See* 5 U.S.C. § 5922(a) ("allowances . . . authorized by this subchapter *may* be granted to an employee officially stationed in a foreign area" (emphasis added)); *see also Roberts v. United States*, 104 Fed. Cl. 598, 602 (2012), *aff'd*, 745 F.3d 1158 (Fed. Cir. 2014) ("[O]verseas allowances and differentials are not automatic salary supple-

ments, nor are they entitlements. . . . Individuals shall not automatically be granted these benefits simply because they meet eligibility requirements.") (internal quotation marks and citation omitted). Accordingly, Mr. Stone's loss of FQA is not an appealable "reduction in pay" under 5 U.S.C. § 7511(a)(4), and the Board did not err in dismissing his appeal for lack of jurisdiction. The Board also lacked jurisdiction to review the Agency's debt collection procedure.

## CONCLUSION

We affirm the Board's decision dismissing Mr. Stone's appeal for lack of jurisdiction.

## **AFFIRMED**

### COSTS

No costs.