## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DELON JOHNS, | DOCKET NUMBER |
| Appellant, | SF-3443-21-0104-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: April 30, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

DeLon Johns, Hemet, California, pro se.

Mickel-Ange Eveillard, Esquire, Los Angeles, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant reraises numerous arguments relating to whether the agency correctly paid him over the course of several years. Specifically, he argues that the agency underpaid him the amount owed for a uniform allowance, incorrectly denied him overtime payments, and paid him at the step 8 level for a period of time when he should have been paid at the step 9 level. Initial Appeal File (IAF), Tab 2 at 7, 9, Tab 7 at 3; Petition for Review (PFR) File, Tab 1 at 3. The appellant additionally appears to argue that the payment issues stem from his 2017 Board appeal for wrongful termination. IAF, Tab 12 at 3; PFR File, Tab 4 at 3. The administrative judge found that the appellant failed to nonfrivolously allege that any of the agency's actions challenged fell within the Board's jurisdiction and thus he was not entitled to a jurisdictional hearing. IAF, Tab 15, Initial Decision (ID) at 1, 3-5. We agree.

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Kim v. Department of the Army*, 119 M.S.P.R. 429, ¶ 6 (2013). An appellant bears the burden of proving that the Board has jurisdiction over his appeal. *Id.*; 5 C.F.R. § 1201.56(b)(2)(i)(A). If the appellant makes a nonfrivolous allegation of fact that, if proven, would establish

the Board's jurisdiction, then he is entitled to a hearing at which he must prove jurisdiction by preponderant evidence. *Kim*, 119 M.S.P.R. 429, ¶ 6. As relevant here, the Board has jurisdiction over adverse actions such as removals, reductions in grade or pay, suspensions for more than 14 days, furloughs for 30 days or less, and the denial of a within grade increase (WIGI). 5 U.S.C. §§ 5335(c), 7512, 7513(d); 5 C.F.R. § 1201.3(a)(1), (8).

The appellant argues that the agency paid him less than he was owed for his uniform allowance per pay period and that the administrative judge failed to consider his pay stubs as proof that the agency owes him back pay for uniform allowance. PFR File, Tab 1 at 3. The appellant additionally argues that the agency refused to pay him for overtime worked. *Id.* The administrative judge held that the Board does not have jurisdiction over whether the appellant was paid the correct uniform allowance, but did not address the issue of overtime. ID at 4.

An appealable reduction in pay only occurs when the rate of basic pay fixed by law or administrative action for the position held by an employee is decreased. 5 U.S.C. §§ 7511(a)(4), 7512(4); *Pann v. Department of the Navy*, 82 M.S.P.R. 294, ¶ 8 (1999); *Strickland v. Veterans Administration*, 5 M.S.P.R. 526, 528 (1981). As relevant here, "pay" is defined as the rate of basic pay "exclusive of additional pay of any kind." 5 C.F.R. § 752.402. Thus, although the Board has jurisdiction over reductions in the rate of basic pay, matters including premium pay such as overtime are not included. *Nigg v. Merit Systems Protection Board*, 321 F.3d 1381, 1384 (Fed. Cir. 2003) ("This court's precedent has long distinguished between 'basic pay' and 'premium pay,' such as overtime or night differential; we have consistently held that a denial of premium pay does not constitute a reduction in pay that is appealable to the Board."); *Pann v. Department of the Navy*, 265 F.3d 1346, 1348 (Fed. Cir. 2001) (stating that items such as availability pay, overtime pay, or premium pay are "additional pay" and not part of "basic pay" as that term is used in the Board's jurisdictional statute); *Richardson v. Department of the Treasury*, 41 M.S.P.R. 40, 42-43 (1989)

(affirming the administrative judge's finding that unscheduled overtime was not part of basic pay in determining whether the appellant had suffered an appealable reduction in pay). Thus, we find that the appellant's assertions regarding lost overtime pay are not appealable to the Board as a reduction in pay under 5 U.S.C. chapter 75.

We also agree with the administrative judge's conclusion that the Board lacks jurisdiction to consider the appellant's claims regarding his uniform allowance. The appellant has provided no authority for concluding that his uniform allowance should be deemed part of his rate of basic pay for purposes of establishing the Board's jurisdiction over this matter pursuant to 5 U.S.C. chapter 75. Uniform allowances are generally authorized under 5 U.S.C. §§ 5901-5902 and 5 C.F.R. §§ 591.101-.104. Such allowances are generally excluded from definitions of rate of basic pay. *See, e.g.*, 5 U.S.C. § 8331(3) (expressly excluding uniform allowances under 5 U.S.C. § 5901 from the definition of "basic pay" for civil service retirement purposes); 5 C.F.R. § 591.201 (excluding allowances and differentials from rate of basic pay for purposes of 5 C.F.R. part 591, subpart B); *see also* 5 C.F.R. §§ 530.202, 531.203, 550.103 (implicitly excluding uniform allowances from definitions of basic pay). Similarly, the relevant regulation for purposes of the Board's authority to review reductions in pay, 5 C.F.R. § 752.402, provides that "pay" means rate of basic pay "exclusive of additional pay of any kind." Consistent with this authority, the appellant's pay stubs specifically list his uniform allowance as separate from his regular pay. IAF, Tab 6 at 5, Tab 8 at 4. Therefore, we find no basis for considering the appellant's uniform allowance as part of basic pay for purposes of determining the Board's jurisdiction under 5 U.S.C. chapter 75 and 5 C.F.R. § 752.402. *Cf. Fernandez v. Department of the Army*, 84 M.S.P.R. 550, ¶¶ 2-3 (1999) (holding that the denial of a living quarters allowance was not an appealable reduction in rate of basic pay), *aff'd,* 234 F.3d 553 (Fed. Cir. 2000).

To the extent the appellant challenges his payment at the step 8 level as opposed to the step 9 level, we similarly find that the Board lacks the authority to review the matter. IAF, Tab 7 at 3; PFR File, Tab 1 at 3. The administrative judge found that the Board lacks jurisdiction over a WIGI denial in the absence of a reconsideration decision from the agency. ID at 3. We agree with the administrative judge. The Board can exercise jurisdiction over an appeal from the withholding of a WIGI only if the agency has affirmed its initial decision on reconsideration. *Hunt v. Department of Veterans Affairs*, 88 M.S.P.R. 365, ¶ 6 (2001), *overruled on other grounds by Brookins v. Department of the Interior*, 2023 MSPB 3, ¶ 8; *see* 5 U.S.C. § 5335(c); 5 C.F.R. § 531.410(d). It appears that the appellant received a WIGI from step 8 to step 9 in October 2019. IAF, Tab 14 at 5. In June 2020, when he was reassigned to a new location, he again was listed as receiving a WIGI from step 8 to step 9 despite already being at the step 9 level. *Id.* at 4. The agency apparently corrected this error shortly thereafter. *Id.* at 8. It is unclear from the record whether this was merely a clerical error or if the appellant's WIGI was withheld and he was actually paid at the step 8 level from October 2019 until June 2020. In any event, as there is no reconsideration decision in the record, we agree with the administrative judge that the Board lacks jurisdiction over this matter. ID at 3-4.

The appellant additionally raises issues surrounding his 2017 wrongful termination appeal, alleging that the agency underpaid him for over 3 years following the decision in that matter. PFR File, Tab 4 at 3; IAF, Tab 12 at 3. The administrative judge considered this argument but found it was not a source of jurisdiction. ID at 4. As noted by the administrative judge, the appellant's prior appeal was dismissed as moot after the agency rescinded his termination and was found to have paid him all back pay and benefits owed; the appellant, who was represented by counsel, conceded the appeal was moot. *Id.*; *Johns v. Department of Veterans Affairs*, MSPB Docket No. SF-315H-18-0043-I-1, Initial Appeal File, Tab 22 at 4, Tab 23, Initial Decision at 2-3 (Feb. 20, 2018). As there

is no enforceable order for any relief in that matter, we agree with the administrative judge that there is no basis to consider this matter as a petition for enforcement to the extent that was the appellant's intent. ID at 4; *cf.* 5 C.F.R. §§ 1201.181-.182. The appropriate mechanism to challenge the February 20, 2018 decision before the Board is through a petition for review in that matter. PFR File, Tabs 5-6. The appellant's submissions in this regard have been so docketed and will be addressed by a separate order in *Johns v. Department of Veterans Affairs*, MSPB Docket No. SF-315H-18-0043-I-1.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.