Kenneth ANDERSON, Petitioner,

v.

DEPARTMENT OF THE ARMY, Respondent.

No. 03–3247.

United States Court of Appeals, Federal Circuit.

DECIDED: March 5, 2004.

Michael S. Dufault, Principal Attorney, David M. Cohen, James M. Kinsella, Department of Justice, of Counsel, Washington, DC, for Respondent.

Kenneth Anderson, of Counsel, pro se.

Before MAYER, Chief Judge, CLEVENGER and GAJARSA, Circuit Judges.

PER CURIAM.

Kenneth Anderson seeks review of the final decision of the Merit Systems Protection Board ("board") dismissing his appeal as untimely. *Anderson v. Dep't of the Army*, No. DC0351950536–I–2, 93 M.S.P.R. 463 (M.S.P.B. Jun. 23, 2003). We *affirm*.

We must affirm the final decision of the board unless we conclude that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000). Where the board's decision rests on findings of fact, those findings must be supported by substantial evidence. *Id.* Pursuant to 5 C.F.R. § 1201.114, a petition for review of a board decision must be filed within 35 days of the initial decision unless the petitioner shows good cause for the delay in filing. *Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed.Cir.2003). "To establish good cause for a filing delay, an appellant must show that the delay was excusable under the circumstances and that the appellant exercised due diligence in attempting to meet the filing deadline." *Id.* (citing *Phillips v. United States Postal Serv.*, 695 F.2d 1389, 1391 (Fed.Cir.1982)).

Anderson's appeal stems from his placement by the Army in a lower graded position in order to avoid his separation through a reduction in force. The board held that Anderson's filing was untimely and that he had failed to show that he had exercised due diligence or ordinary prudence under the circumstances sufficient to establish good cause. Because Anderson's April 4, 2002, petition for review was filed six years after the February 8, 1996, initial decision of the board, and because Anderson has proffered no reason to justify such delay, we see no reason to disturb the board's decision.