# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CYRIL DAVID DANIEL ORAM, JR.,
               Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
               Agency.

DOCKET NUMBERS
DC-3443-17-0035-I-1
DC-3443-16-0850-I-1[1]

DATE: SEPTEMBER 8, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Cyril David Daniel Oram, Jr., Bellingham, Washington, pro se.

Sandra Fortson, Joint Base Andrews, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] The administrative judge issued an order joining these appeals, finding that it would expedite processing of the cases without adversely affecting the interests of either party. *See* 5 U.S.C. § 7701(f)(2) and 5 C.F.R. § 1201.36(a)(2). The administrative judge designated *Oram v. Department of the Air Force*, MSPB Docket No. DC-3443-17-0035-I-1, as the lead case.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeals for a lack of Board jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2      The agency tentatively selected the appellant for a GS-12 Information Technology Specialist position at the agency's Ramstein Air Base in Germany, which the appellant accepted. *Oram v. Department of the Air Force*, MSPB Docket No. DC-3443-16-0850-I-1, Initial Appeal File (0850 IAF), Tab 12 at 10-15. Following his acceptance of the tentative offer, the appellant requested a Living Quarters Allowance (LQA) for the position, which was denied. 0850 IAF, Tab 11 at 19-32, Tab 12 at 6-8. The agency informed the appellant that he could file a request for reconsideration of the LQA denial with the Office of Personnel Management (OPM), but that his onboarding for the position would need to proceed without the inclusion of a LQA while the reconsideration request

was pending. 0850 IAF, Tab 11 at 12. The appellant subsequently filed an appeal with the Board challenging the LQA denial. 0850 IAF, Tab 1 at 5.

¶3 During the pendency of that Board appeal, the appellant requested that the agency delay his entry on duty (EOD) date until the completion of the appeal of the LQA determination. 0850 IAF, Tab 11 at 15-16. The agency granted the initial request for an extension, but denied a second requested extension. *Id.* at 5-10. The agency informed the appellant that if he did not appear for his October 3, 2016 EOD date, it would rescind the job offer. *Id.* at 6. The appellant did not appear for the October 3, 2016 EOD date, and on October 5, 2016, the agency rescinded the job offer. *Oram v. Department of the Air Force*, MSPB Docket No. DC-3443-17-0035-I-1, Initial Appeal File (0035 IAF), Tab 1 at 3. The appellant subsequently filed a second appeal challenging the agency's job offer rescission. *Id.* at 2. The regional office docketed that appeal as MSPB Docket No. DC-3443-17-0035-I-1. 0035 IAF, Tab 2. In that appeal, the appellant claimed that the agency rescinded the job offer in retaliation for challenging the LQA denial and for filing a Board appeal.[3] 0035 IAF, Tab 3 at 4-5. The appellant also attached a copy of a complaint he filed with the Office of Special Counsel (OSC) on October 1, 2016. *Id.* at 6-12.

¶4 In orders issued in both appeals, the administrative judge identified the jurisdictional issues presented by the appellant's appeals and afforded him an opportunity to address the question of Board jurisdiction. 0035 IAF, Tab 2 at 2-5; 0850 IAF, Tab 2 at 2-4, Tab 17 at 2-4. After joining the appellant's two Board appeals, 0035 IAF, Tab 7, and 0850 IAF, Tab 27, and considering the appellant's responses to the jurisdictional orders, the administrative judge issued an initial decision on the written record, 0035 IAF, Tab 16, Initial Decision (ID).

[3] The appellant also filed a request to stay the agency's decision to withdraw his job offer, which was separately docketed by the administrative judge. *Oram v. Department of the Air Force*, MSPB Docket No. DC-3443-17-0035-S-1, Stay File (SF). On October 25, 2016, the administrative judge issued an order dismissing his request. SF, Tab 2.

Regarding the appellant's challenge to the LQA denial, the administrative judge determined that as a non-employee Federal contractor, the appellant was not an "employee" with Board appeal rights as defined under 5 U.S.C. chapter 75 and did not otherwise meet any of the conditions that would entitle him to Board appeal rights as an applicant for employment. ID at 4-5. Further, the administrative judge determined that the Board lacked jurisdiction over the appeal of the LQA denial. ID at 5.

¶5 Regarding the appellant's challenge to the withdrawal of the job offer, the administrative judge found that the offer was tentative and never finalized, and that the appellant never entered on duty or performed any job duties in the position. ID at 6. The administrative judge explained that an agency may revoke an appointment prior to an appellant's entrance on duty or performance in the position and that the agency's withdrawal of the appellant's employment offer was not appealable to the Board. ID at 6-7. Turning to the appellant's whistleblower reprisal claim, the administrative judge determined that the appellant failed to demonstrate that he had exhausted his administrative remedies with OSC and, thus, the Board lacked jurisdiction over his claim as an individual right of action (IRA) appeal. ID at 8-9.

¶6 The appellant has filed a petition for review of the joined appeals. Petition for Review (PFR) File, Tab 1.[4] The agency has filed a response, and the appellant has filed a reply to the response. PFR File Tabs 6-7.

---

[4] The appellant also has filed a motion for leave to submit additional evidence. PFR File, Tab 9. Pleadings allowed on review include a petition for review, a cross petition for review, a response to a petition for review, a response to a cross petition for review, and a reply to a response to a petition for review. 5 C.F.R. § 1201.114(a). No other pleading will be accepted unless the party files a motion with and obtains leave from the Clerk of the Board. 5 C.F.R. § 1201.114(a)(5). Such a motion must describe the nature of and need for the pleading. *Id.* In his motion, the appellant requests to submit additional evidence, which he claims will clarify his previous filings, "prevent further misunderstandings[,] and . . . remove or prevent further complication of the data to be found within." PFR File, Tab 9 at 4. We find this explanation insufficient and deny the appellant's motion.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The appellant has not shown that the administrative judge erred in adjudicating his appeals.</u>

¶7      The appellant asserts on review that he was entitled to a hearing and "do[es] not recall being afforded the opportunity of a hearing." PFR File, Tab 1 at 3. The record reflects that the appellant checked the box indicating that he did not want a hearing on his initial appeal form, and the administrative judge advised him in the acknowledgment order that a failure to request a hearing within 10 days would constitute a waiver of his right to a hearing. 0035 IAF, Tab 1 at 3, Tab 2 at 2. The appellant did not request a hearing. Similarly, in his subsequent appeal of the rescinded tentative job offer, the appellant also did not request a hearing and did not respond to the administrative judge's acknowledgment order again affording him the opportunity to request a hearing and informing him that his failure to request a hearing within 10 days would constitute a waiver of his right to a hearing. 0035 IAF, Tab 1, Tab 2 at 2. Failure to timely request a hearing will result in a waiver of that right when the appellant has not shown good cause for his failure. *Spradlin v. Office of Personnel Management*, 84 M.S.P.R. 279, ¶ 11 (1999). Accordingly, the administrative judge did not err by not holding a hearing.

¶8      The appellant also contends that separate docketing of the denial of the LQA and the rescission of the tentative job offer prevented the administrative judge from seeing the pattern of discrimination and reprisal. PFR File, Tab 1 at 3, 7. As explained above, the administrative judge joined the two appeals, and thus, she considered both claims in making her decision. The appellant has not identified any prejudice to his rights by the administrative judge's decision to docket separately the two matters, filed approximately a month apart, and later join them for adjudication in response to his request. 0850 IAF, Tabs 26-27; 0035 IAF, Tab 7; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281,

282 (1984) (noting that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶9 The appellant further argues on review that the administrative judge denied him discovery, "which would have substantially strengthen[ed] [his] case." PFR File, Tab 1 at 3. The record shows that the administrative judge stayed the initiation of discovery pending a finding of Board jurisdiction. 0035 IAF, Tab 13. An administrative judge has broad discretion in ruling on discovery matters, and absent an abuse of discretion, the Board will not find reversible error in such rulings. *Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶ 12 (2015). The appellant has not shown an abuse of discretion by the administrative judge's decision to delay discovery until Board jurisdiction was established.

¶10 Finally, on review, the appellant argues that the administrative judge did not consider all of the submitted evidence. PFR File, Tab 1 at 3; *see* PFR File, Tab 7 at 5-6. An administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table); *see Kirkpatrick v. U.S. Postal Service*, 74 M.S.P.R. 583, 589 (1997) (explaining that an administrative judge is not required to specifically address every point raised by an appellant).

¶11 In his reply to the agency's response to his petition for review, the appellant argues that he was "denied a benefit or allowance" based on his "marital status to a person with a mental illness." PFR File, Tab 7 at 8. As the administrative judge did, we interpret this argument as a claim that the agency discriminated against the appellant due to his wife's medical condition and not an allegation that his tentative job offer was rescinded due to his marital status. ID at 7. As the administrative judge correctly found and as discussed in detail below, the Board lacks jurisdiction over claims of discrimination absent an otherwise appealable matter.

<u>The appellant has not established Board jurisdiction over his appeals.</u>

¶12    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Regarding the appellant's challenge to the agency's LQA determination, as the administrative judge correctly explained, the Board does not have jurisdiction to review an agency's denial of a request for a LQA. *Anderson v. Department of the Army*, 93 M.S.P.R. 463, 465 n.* (2003), *aff'd*, 89 F. App'x 707 (2004); *Fernandez v. Department of the Army*, 84 M.S.P.R. 550, ¶ 3 (1999), *aff'd*, 234 F.3d 553 (Fed. Cir. 2000). Accordingly, we agree with the administrative judge's findings dismissing the appellant's LQA appeal for lack of Board jurisdiction. ID at 5-6.

¶13    Concerning the appellant's challenge to the withdrawal of the tentative job offer, generally, an unsuccessful applicant for a Federal civil service position has no right to appeal a nonselection. *Kazan v. Department of Justice*, 112 M.S.P.R. 390, ¶ 6 (2009). The administrative judge correctly identified the limited exceptions in which the Board may have jurisdiction over nonselection claims and found that the appellant did not raise a claim under any of those identified exceptions. ID at 6-7; *see* 0850 IAF, Tab 17 at 2-4; 0035 IAF, Tab 2 at 2-5. Thus, we also agree with the administrative judge's determination that the Board lacked jurisdiction over the appellant's appeal as a nonselection claim. ID at 6-7.

¶14    Regarding the appellant's claim that the agency's tentative job offer was "firm" and thus irrevocable after he accepted it, the appellant has not submitted anything to support this contention. PFR File, Tab 1 at 3, 7. Rather, in its correspondence extending the offer, the agency clearly identified the offer as "tentative" and conditioned finality of the offer on a number of additional requirements, including the establishment of an EOD date, which the appellant failed to meet. 0850 IAF, Tab 12 at 8-12; 0035 IAF, Tab 1 at 3. Appointment to a civil service position requires "definite, unconditional action by an authorized [F]ederal official designating an individual to a specific civil service position."

*Horner v. Acosta*, 803 F.2d 687, 693 (Fed. Cir. 1986); *cf. National Treasury Employees Union v. Reagan*, 663 F.2d 239, 248 n.14 (D.C. Cir. 1981) (determining that a subset of the class of appellants became "employees of the [F]ederal government" when they were administered the oath of office and their offers were not revoked prior to their entrance on duty). There is no evidence of such action here. Furthermore, the Board has held that it lacked jurisdiction over an appeal when an agency withdrew a tentative job offer after an appellant had accepted it, but before she actually performed in the position. *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶¶ 9-12 (2012).[5]

¶15        The appellant also argues on review that in rescinding his job offer, the agency engaged in a prohibited personnel practice. PFR File, Tab 1 at 7. It is well settled that absent an otherwise appealable matter, the Board does not have jurisdiction to consider such claims. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶¶ 15-16 (2007) (explaining that absent an otherwise appealable action, the Board cannot consider prohibited personnel practice claims); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (holding that 5 U.S.C. § 2302(b) is not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). The appellant has not identified an otherwise appealable action. *See Davis*, 105 M.S.P.R. 604, ¶ 15 (stating that a nonselection is not an otherwise appealable action). Likewise, the Board lacks jurisdiction over the appellant's job offer rescission claim as a mixed-case appeal. PFR File, Tab 1 at 3, 7-8, Tab 7 at 4-8. A mixed-case appeal involves an action that is appealable to the Board and an allegation that the appealable action is

_____

[5] To the extent the appellant is claiming that the withdrawal of his job offer constituted an unfair employment practice, PFR File, Tab 7 at 6, 8, that argument is similarly unavailing. The appellant has not alleged that his appeal concerns an invalid employment practice that was applied to him by OPM (or, a valid one that was misapplied by the agency), or that any agency employment practice violates one of the basic requirements of 5 C.F.R. § 300.103. *See Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶¶ 6-7 (2010); 5 C.F.R. § 300.104(a).

based on prohibited discrimination. *Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_, 137 S. Ct. 1975 (2017); *Lethridge v. U.S. Postal Service*, 99 M.S.P.R. 675, ¶ 9 (2005) (citing 5 C.F.R. § 1201.151(a)(1); 29 C.F.R. § 1614.302(a)(2)).  As explained above, the appellant has not alleged that he was subjected to an action that is otherwise appealable to the Board.

¶16      Finally, regarding the appellant's claim that he suffered reprisal for protected whistleblowing activity, we agree with the administrative judge that the appellant failed to meet his jurisdictional burden over this matter as an IRA appeal.  ID at 8-9.  To establish Board jurisdiction over an IRA appeal, an appellant must exhaust his administrative remedies before the OSC and must make nonfrivolous allegations of the following:  (1) he engaged in whistleblowing by making a protected disclosure under 5 U.S.C. § 2302(b)(8), or engaged in other protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).[6] *Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 9 (2014); *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 371 (Fed. Cir. 2001); *see also* 5 U.S.C. §§ 1214(a)(3), 1221.  Although the appellant provided a copy of his October 1, 2016 filing with OSC, he did not submit any evidence proving exhaustion with OSC in response to the administrative judge's show cause order, and he has not furnished evidence of exhaustion on review. 0035 IAF, Tab 2 at 5, Tab 3 at 6-12.[7]  Accordingly, we agree with the

---

[6] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[7] On March 26, 2017, the appellant filed a motion to dismiss the joined appeals without prejudice to refiling, pending the resolution of his separately filed IRA appeal, and submitted a close-out letter from OSC suggesting that he may have exhausted his administrative remedies.  PFR File, Tab 11; *see Oram v. Department of the Air Force*, MSPB Docket No. DC-1221-17-0384-W-1.  An initial decision has been issued in the IRA appeal, and a petition for review in that case is pending before the Board.  Given that the IRA appeal is being separately adjudicated, we see no reason to dismiss these

administrative judge's finding that the appellant failed to meet his jurisdictional burden in proving his whistleblower reprisal claims. ID at 9.

¶17     For the above reasons, we deny the petition for review and affirm the initial decision dismissing the appeal for lack of Board jurisdiction.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

joined appeals and deny that request, and have not considered the OSC letter attached to the motion in adjudicating these joined appeals.

Additionally, on September 16, 2019, the appellant filed a motion titled "Motion to Withdraw Without Prejudice due to prior EEO election." Petition for Review (PFR) File, Tab 12. To determine whether the appellant was seeking to withdraw his petition for review, and to establish that his request was knowing and voluntary, the Clerk of the Board ordered the appellant to submit a pleading within 7 days, clarifying whether his filing was intended as a request to withdraw his petition for review with prejudice to refiling, or to withdraw his Board appeal. PFR File, Tab 13 at 1-3. The order informed the appellant that if he failed to respond, his pleading would be treated as a request to withdraw his Board appeal, which would be considered in a decision following the restoration of a Board quorum. *Id.* at 1-2. The appellant failed to respond to the order. Because we ultimately conclude that the administrative judge correctly dismissed the appellant's appeal for lack of jurisdiction, we deny the appellant's request.

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.    5 U.S.C.  § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S.  ____ , 137 S. Ct. 1975 (2017).    If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                                   _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.